JUSTICE NELSON
delivered the Opinion of the Court.
After trial in the Fifth Judicial District Court, Madison County, Montana, a jury found the defendant, Rick Later, guilty of misdemeanor official misconduct and acquitted him of six other charges. The District Court imposed a fine of $350 and pursuant to § 45-7-401(4), MCA, concluded that defendant Rick Later had permanently forfeited his office of sheriff of Beaverhead County and the office was declared vacant. We reverse.
The dispositive issue on appeal is whether the trial court can essentially “amend” the information with a jury instruction at the close of appellant’s case-in-chief.
The standard of review for discretionary trial court rulings is whether the trial court abused its discretion. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604.
On January 3, 1992, defendant was charged with seven criminal charges, including felony theft and the charge with which he was convicted, that being misdemeanor official misconduct. Defendant had worked in law enforcement in Beaverhead County from 1972 on and was sheriff from 1980 until his conviction on May 29, 1991. The State’s motion to change the place of trial was granted and the case was tried in Madison County rather than Beaverhead County.
Count VII of the Information alleged that the defendant had committed official misconduct in violation of § 7-4-2511, MCA, and § 7-32-2144, MCA, when he failed to remit to Beaverhead County his reimbursement warrants for mileage received from the Montana Board of Crime Control.
The two statutes referred to in Count VII provide in pertinent part:
(2) No salaried county officer may receive for his own use any fees, penalties, or emoluments of any kind, except the salary as provided by law, for any official service rendered by him. Unless otherwise provided, all fees, penalties, and emoluments of every kind collected by a salaried county officer are for the sole use of the county *365 and must be accounted for and paid to the county treasurer as provided by subsection (1) and credited to the general fund of the county.
Section 7-4-2511(2), MCA.
(1) A sheriff delivering prisoners at the state prison or a juvenile correctional facility or mentally ill persons at the Montana state hospital or other mental health facility receives actual expenses necessarily incurred in their transportation.
Section 7-32-2144(1), MCA.
When jury instructions were being settled in this case, counsel for the State conceded that §§ 7-4-2511 and 7-32-2144, MCA, had been cited in error and indeed, did not apply to the appellant’s conduct under Count VII. The State asserted that the mistake in the statutory citations aside, the information provided appropriate notice to the appellant. The State then offered an instruction citing a portion of § 7-32-2143, MCA, which the State had decided was the statute applicable to the appellant’s conduct.
The District Court found that although §§ 7-4-2511 and 7-32-2144, MCA, were mistakenly cited as the underlying offenses which formed the basis of the appellant’s official misconduct, the statute outlining official misconduct was properly cited and the technical requirements of the charge were satisfied. It noted that although the information was “less than perfect,” it did give the defendant notice of what he was charged with and how and why he was charged. The trial court then accepted the State’s proposed instruction which quoted the excerpt below from § 7-32-2143, MCA.
Jury Instruction No. 16, submitted by the State, reads as follows:
Montana law requires that all mileage paid to sheriffs whose vehicles are provided and maintained by the county shall be paid over to the county treasurer and deposited in the county general fund. (Emphasis supplied.)
The emphasized portion of the above jury instruction uses the precise language of § 7-32-2143(2), MCA. However, § 7-32-2143, MCA, is a lengthy statute that takes up a full page in the code.
To provide the jury with this instruction when the information alleges violations of two entirely different statutes modifies the information and calls into question the validity of the original information. One function of an information is to “notify a defendant of [the offense charged], thereby giving [the defendant] an opportunity to defend.” State v. Tropf (1975), 166 Mont. 79, 88, 530 P.2d 1158, 1163. To, in essence, “amend” the information at the close of the defendant’s *366 case-in-chief certainly does not give the defendant an opportunity to defend if the amendment is substantive.
In the instant case, the “amendment” at issue is one of substance. The prosecution requested a jury instruction which was an excerpted portion of a completely different statute than those cited in the information. It was those statutes against which the defendant was given notice by the information that he would have to defend. This jury instruction substantially altered the underlying offense which formed the basis for Count VII. It did not allow the defendant an opportunity to defend because the “amendment” occurred after the defense had rested. A defendant charged with official misconduct for violating a mandatory duty ought at least know with some certainty what duty he has allegedly violated in time to prepare an appropriate defense to this allegation. Therefore, the jury instruction represented a substantive “amendment” to the original information and because the change was effected so late in the trial, when there was no opportunity for the defendant to change his defense strategy if he had chosen, it was prejudicial to the defendant.
“[The function of notifying a defendant of the offense charged, thereby giving the defendant an opportunity to defend] cannot be dispenced [sic] with when the information is amended as to substance. The defendant must be notified of the change and afforded a reasonable time after the amendment to prepare a defense. Further, when an amended information is filed substantively changing the charges against a defendant, the defendant should be arraigned under the new charges.” State v. Cardwell (1980), 187 Mont. 370, 376, 609 P.2d 1230, 1233. (Citations omitted.)
Our decision does not dilute the principle enunciated in State v. Longneck (1981), 196 Mont. 151, 640 P.2d 436, and in a line of similar cases, that an erroneous statutory reference will not invalidate the charge. The Longneck line of cases concern informations which fully inform the defendant charged “of what was intended to be charged and against what he was required to defend.” Longneck, 640 P.2d at 439. Those informations, however, contained minor errors which did not prejudice a substantial right of the defendant.
The instant case is entirely different. Here, the defendant was not fully apprised of the charges against him, was misled as to what unlawful statutory conduct was charged by erroneous citations to two statutes, was not apprised of the appropriate statute until after he presented his defense, and was then required to go to the jury on an instruction that substantially amended the original charge.
*367 We conclude that the trial court abused its discretion in accepting the proposed jury instruction and presenting an instruction to the jury which essentially amended the original information.
REVERSED AND REMANDED.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, HUNT, GRAY and TRIEWEILER concur.