NO. 94-584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Appellant,

  v.

FRANK RICHARD HANSEN,

    Defendant and Respondent.



FILED

SEP 26 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Joseph P. Mazuzrek, Attorney General, Cregg W.
Coughlin, Assistant Attorney General, Helena,
Montana; Carlo Canty, Deputy Silver Bow County
Attorney, Butte, Montana

    For Respondent:

        Deirdre Caughlan, Dunlap & Caughlan, Butte, Montana

Submitted on Briefs:  June 15, 1995

Decided:  September 26, 1995

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Respondent Frank Hansen was arrested and charged with third offense domestic abuse. Section 45-5-206(3), MCA, provides that a third offense for domestic abuse may be charged as a felony. Consequently, the State filed an information charging respondent with felony domestic abuse. Respondent moved to dismiss the felony charge, claiming that he had not knowingly waived counsel during his first misdemeanor domestic abuse conviction. He argued that a prior uncounseled misdemeanor conviction cannot be used to convert a misdemeanor charge into a felony. The District Court granted his motion to dismiss the felony charge, and the State appeals. We reverse.

The following issue was raised on appeal:

Did the District Court err in ruling that a valid prior uncounseled misdemeanor conviction may not be used to convert a later charge from a misdemeanor to a felony?

                            FACTS

On April 20, 1992, respondent was charged with first offense domestic abuse, which is a misdemeanor under § 45-5-206(3), MCA. Unrepresented by counsel, he pled guilty and was ordered to complete a domestic violence treatment program, with a fine and jail term being suspended.

On September 30, 1992, respondent pled guilty to second offense domestic abuse, a misdemeanor, and received a suspended sentence. Respondent was represented by counsel when he pled guilty to this second offense.

2

On May 10, 1994, respondent was again arrested for domestic abuse. Because this was his third offense, the State filed an information charging him with felony domestic abuse. Respondent moved to dismiss the information, arguing that his April, 1992, uncounseled misdemeanor conviction could not be used to convert a subsequent charge from a misdemeanor to a felony.

The District Court found that the record did not show respondent had made a knowing waiver of counsel before pleading guilty to the April, 1992 charge. The court further found, absent proof of an informed waiver of a right to counsel, the first misdemeanor conviction could not be used as a basis for making the third charge a felony. For these reasons, the District Court dismissed the felony domestic abuse charge. We reverse and hold that a valid prior uncounseled misdemeanor conviction may be used to convert a subsequent charge from a misdemeanor to a felony.

## STANDARD OF REVIEW

Whether a prior conviction may be used for sentence enhancement is a question of law, as is the appropriateness of granting (or failing to grant) a purely procedural motion to dismiss in a criminal case. The standard of review of a district court's conclusions of law is plenary, and we will review to determine whether those conclusions of law are correct. State v. Rushton (1994), 264 Mont. 248, 255, 870 P.2d 1355, 1359. See also State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143.

ISSUE

May a valid prior uncounseled misdemeanor be used to convert a later charge from a misdemeanor to a felony?

Respondent was charged with third offense domestic abuse pursuant to § 45-5-206(3), MCA, which provides as follows:

> A person convicted of domestic abuse for the first or second time shall be fined not to exceed $1,000 or be imprisoned in the county jail not to exceed 1 year, or both. On a third or subsequent conviction for domestic abuse, the person convicted shall be fined not less that $500 and not more than $50,000 and be imprisoned in the county jail or in the state prison for a term not less than 10 days and not more that 5 years, or both.

Respondent moved to quash his felony domestic abuse charge because he had not been represented by counsel at his first misdemeanor conviction. Then and now, he contends that a prior uncounseled misdemeanor cannot be used to enhance a later sentence. In framing this argument, respondent relies almost entirely on the United States Supreme Court case Baldasar v. Illinois (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169. In Baldasar, the Court held that an uncounseled misdemeanor conviction may not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. Baldasar, 446 U.S. at 222. If Baldasar remained good law, it would dispose of this case entirely.

Appellant, however, argues that Baldasar has been overturned by Nichols v. United States (1994), __ U.S. ___, 114 S.Ct. 1921, 128 L.Ed.2d 745. In Nichols, the Supreme Court held that an uncounseled misdemeanor conviction is also valid when used to

4

enhance punishment at a subsequent conviction. _Nichols,_ 114 S.Ct. at 1928.

Respondent insists _Nichols_ is distinguishable and serves only to modify _Baldasar._ _Nichols_ dealt with a defendant whose sentence was increased under the Federal Sentencing Guidelines because of a prior misdemeanor. Respondent contends that _Nichols_ therefore is applicable to federal sentencing cases only. Moreover, respondent points out that the defendant in _Nichols_ was already charged with a felony when the question of a potential sentence increase arose. In the case at bar, the prior misdemeanor would serve to convert the latest charge from a misdemeanor to a felony. Respondent advocates a narrow reading of _Nichols,_ while appellant insists it should be read more broadly. In short, the disposition of this case rests on a determination of how _Nichols_ should be construed.

Such a determination is easily made. A cursory reading reveals that _Nichols_ does not modify _Baldasar;_ it expressly overrules it. _Nichols,_ 114 S.Ct. at 1928. While it is true that _Nichols_ did not deal with the conversion of a misdemeanor to a felony, that was precisely the issue in _Baldasar._ Furthermore, _Baldasar_ is a case appealed from a state court and does not concern federal sentencing procedures. Instead, it addresses the issue of whether a conviction under state law may be converted from a misdemeanor to a felony, which is the same issue facing this Court in the instant case. If the Supreme Court had not intended the _Nichols_ decision to apply to the facts given in _Baldasar_, it surely would have carefully said so, and not overruled _Baldasar_ in its entirety.

5

Moreover, the language in <u>Nichols</u> indicates that the supreme Court intended the decision to apply to state court cases as well as federal sentencing cases.

> Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the [Federal] Sentencing Guidelines, <u>or recidivist statutes which are common place in state criminal laws</u>, do not change the penalty imposed for the earlier conviction.

<u>Nichols,</u> 114 S.Ct. at 1927 (emphasis added). Section 45-5-206, MCA, is precisely such a recidivist statute, providing a higher penalty on a third offense for a defendant who continues to violate the law.

We hold that, under the plain language of <u>Nichols,</u> a prior uncounseled misdemeanor may properly be used to convert a subsequent misdemeanor to a felony.

Respondent next argues that, even if a prior uncounseled misdemeanor may generally be used for enhancement purposes, it nevertheless cannot be so used in this case because the State cannot show that respondent knowingly waived his right to counsel.

The Sixth Amendment right to counsel in misdemeanor cases is limited to those cases in which imprisonment was actually imposed. United States v. Quemado (9th Cir. 1994), 26 F.3d 920, 923. Where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor has no constitutional right to counsel. Scott v. Illinois (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383. Moreover, the imprisonment must be <u>actual;</u> a threat of imprisonment (such as a suspended sentence) is not enough to create a constitutional right to counsel. <u>Scott</u> 440 U.S. at 373.

6

It was error for the trial court to demand that the State prove respondent knowingly waived a right to counsel in the earlier misdemeanor case. Respondent had no right to counsel in the earlier case because no sentence of imprisonment was imposed; whether he knowingly waived counsel is therefore irrelevant.

Moreover, the fact that the first misdemeanor may _ultimately_ contribute to imprisonment (should respondent be sentenced to a jail or prison term for the later converted felony) does not retroactively give respondent a right to counsel at the earlier misdemeanor. "[A]n uncounseled misdemeanor, valid under Scott because no prison **term** was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 114 S.Ct. at 1928.

Because we hold that a valid prior misdemeanor conviction may properly be used to convert a later charge from a misdemeanor to a felony, the decision of the District Court is reversed and this case is remanded for further proceedings consistent with this opinion.

_____
                                   Justice

We Concur:

_____
        Chief Justice

_____

_____
        Justices

7

September 26, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Hon. Joseph P. Mazurek, Attorney General
Craig Coughlin, Assistant
215 N. Sanders
Helena MT 59620

Carlo Canty
Deputy County Attorney
155 West Granite Street
Butte MT 59701

Deirdre Caughlan
DUNLAP & CAUGHLAN, P.C.
27 West Broadway
Butte MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy