No. 96-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WILLIAM FOLEY,

Defendant and Appellant.



APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary R. Thomas, Thomas Law Office, Red Lodge,
Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Cregg W.
Coughlin, Assistant Attorney General, Helena,
Montana; Dennis Paxinos, Yellowstone County
Attorney, Joseph Coble, Deputy Yellowstone County
Attorney, Billings, Montana

Submitted on Briefs: September 26, 1996

Decided: March 11, 1997

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

William Foley (Foley) was charged with driving under the influence of alcohol, in violation of § 61-8-401, MCA. The District Court for the Thirteenth Judicial District, Yellowstone County, denied Foley's Motion to Dismiss or Suppress. Foley subsequently pleaded guilty to the charge but reserved his right to appeal the District Court's denial of his motion. We affirm.

We address the following issues on appeal:

1. Did the District Court err when it concluded that Foley was driving or in actual physical control of a vehicle upon the ways of this State open to the public?

2. Did the District Court err when it found that the arresting officer had probable cause to arrest Foley for driving or being in actual physical control of a vehicle while under the influence of alcohol?

**Factual and Procedural Background**

On the evening of March 18, 1995, Highway Patrol Officer Sharron Taggart (Taggart) responded to a report of a single-car accident on Eagle Crest Road in Billings. When she arrived at the

2

scene, two sheriff's deputies were already present. An unoccupied vehicle was straddling the road's edge with a nearly empty pint bottle of vodka on the ground beside the driver's door. Foley was seated on the opposite edge of the road. One of the deputies informed Taggart that the owner of a nearby home had removed Foley from behind the wheel of the vehicle and called the police. The office also informed Taggart that Foley did not live on that road.

Taggart approached Foley and asked him to accompany her to her patrol car. Foley was unable to stand up on his own so Taggart had to help him. Once inside her patrol car, Taggart asked Foley if he had been drinking. He responded that he had drunk almost a pint. Taggart then asked Foley to recite the alphabet. Because his response to this request was unsatisfactory, because he exhibited a pronounced lack of balance, and because he had trouble understanding Taggart when she informed him that his vehicle could not be moved without the aid of a wrecker, Taggart formally placed Foley under arrest. Foley became agitated at that point and had to be placed in handcuffs. He was charged with driving or being in actual physical control of a vehicle while under the influence of alcohol, in violation of § 61-8-401, MCA.

Foley was convicted of the offense in Justice Court and sentenced on September 5, 1995. Foley appealed to the District Court for trial de novo. On October 26, 1995, Foley filed a Motion to Dismiss or Suppress and Brief wherein he claimed that he had not been arrested upon the ways of this State open to the public. He further alleged that the arresting officer lacked probable cause to

3

believe that he was operating a motor vehicle while under the influence of alcohol.

An evidentiary hearing on Foley's motion was held on November 30, 1995. At the close of the hearing, the District Court denied the motion. On March 6, 1996, pursuant to a plea agreement, Foley pleaded guilty to the offense. However, Foley reserved his right to appeal the District Court's denial of his motion. Foley was sentenced to six months in jail, with all but 48 hours suspended, and fined $500. The court granted Foley's motion to stay execution of sentence pending appeal.

## Issue 1.

**Did the District Court err when it concluded that Foley was driving or in actual physical control of a vehicle upon the ways of this State open to the public?**

Foley was charged with violating § 61-8-401, MCA, which provides in part:

(1) It is unlawful and punishable as provided in 61-8-714 and 61-8-723 for any person who is under the influence of:
     (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public; . . .

The District Court denied Foley's motion to dismiss in which Foley claimed that he was not arrested on the ways of this State open to the public and thus he had not violated § 61-8-401, MCA. The grant or denial of a motion to dismiss in a criminal case is a question of law and our standard of review of a district court's conclusion of law is plenary; we will review it to determine whether the conclusion of law is correct. City of Helena v.

4

Danichek (Mont. 1996), 922 P.2d 1170, 1172, 53 St.Rep. 767, 768 (citing State v. Hansen (1995), 273 Mont. 321, 323, 903 P.2d 194, 195).

Foley contended in his motion to the District Court and again on appeal to this Court, that he did not violate § 61-8-401, MCA, because the place where he was arrested is a private driveway and not a way of this State open to the public. Foley claims that because the "driveway" is not paved, does not have street lights and is posted with a "No Trespassing" sign, because the public is not encouraged to use the driveway, and because the only history of use by the public of the driveway is by delivery trucks, utility company vehicles and trespassers, the driveway is not a way of this State open to the public.

In denying Foley's motion, the District Court concluded that the place where Foley was arrested is a way of this State open to the public because it is the way that the public accesses the two residences on it and because it is called "Eagle Crest Road" reasoning that "[m]ost driveways don't have a name. . . aren't a quarter of a mile long . . . [and] aren't called a road."

The term "ways of this state open to the public" is defined at § 61-8-101, MCA, which provides, in part:

> (1) As used in this chapter, "ways of this state open to the public" means any highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public.

It is not necessary for us to decide whether Eagle Crest Road is a private driveway or a way of this State open to the public. King Avenue West, the road upon which one must travel to reach

Eagle Crest Road is undeniably a way of this State open to the public. Testimony at the evidentiary hearing established that Foley's vehicle was not a four-wheel drive, off-road, all-terrain vehicle and could not have climbed a hill and crossed ditches to get to Eagle Crest Road. There was no way for Foley to have reached Eagle Crest Road other than by traveling on King Avenue West. Thus, Foley was driving or in actual physical control of a vehicle upon a way of this State open to the public, namely King Avenue West.

Accordingly, we affirm the District Court and hold that the court's denial of Foley's motion to dismiss was correct as a matter of law.

## Issue 2.

**Did the District Court err when it found that the arresting officer had probable cause to arrest Foley for driving or being in actual physical control of a vehicle while under the influence of alcohol?**

The District Court denied Foley's motion to suppress all evidence obtained as a result of his arrest. Foley contended in his motion that the arresting officer lacked probable cause to believe that Foley was operating a motor vehicle while under the influence of alcohol.

Our standard of review for a district court's denial of a motion to suppress is whether the court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. State v. Williams (1995), 273 Mont. 459, 462,

6

904 P.2d 1019, 1021 (citing State v. Flack (1993), 260 Mont. 181, 188, 860 P.2d 89, 94).

Probable cause is satisfied at the time of an arrest if the facts and circumstances within the officer's personal knowledge, or upon information imparted to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that the suspect has committed an offense. Williams, 904 P.2d at 1022 (citing Santee v. State, Dept. of Justice, Motor Vehicle Div. (1994), 267 Mont. 304, 307, 883 P.2d 829, 831; Jess v. State, Dept. of Justice, MVD (1992), 255 Mont. 254, 261, 841 P.2d 1137, 1141).

When Taggart arrived upon the scene, two sheriff's deputies were already there. One of the deputies informed Taggart that the owner of a nearby home had removed Foley from behind the wheel of the vehicle. We have previously stated that probable cause should be evaluated "on the basis of the collective information of the police rather than that of only the officer who performs the act of arresting." Williams, 904 P.2d at 1022 (quoting Boland v. State (1990), 242 Mont. 520, 524, 792 P.2d 1, 3).

Taggart had been a Highway Patrol Officer for 12 years and in that time she had made over 300 DUI arrests. Prior to arresting Foley, Taggart observed that Foley's car was straddling the road's edge and that a wrecker would be required to move it, that a nearly empty pint bottle of vodka was near the driver's door of Foley's car and that Foley was sitting on the opposite edge of the road. Taggart also observed that Foley's speech was slurred, he could not stand up under his own power and he was confused. Based

7

on her personal observations, and the fact that Foley admitted to Taggart that he had drunk almost a pint, it was reasonable for Taggart to believe that Foley had been drinking.

Foley claims that these facts were not sufficient for Taggart to believe that he was driving under the influence. He contends that he could have gone off the road hours earlier and then decided to drink the pint of vodka.

In a similar case, McCullugh v. State (1993), 259 Mont. 406, 856 P.2d 958, a law enforcement officer observed McCullugh's truck in a ditch and McCullugh attempting to jack up the truck's back end. After talking to McCullugh, the officer concluded that McCullugh was under the influence of alcohol and he placed McCullugh under arrest. McCullugh later claimed that he had driven into the ditch when his brakes went out and that he had then walked to a friend's house where he planned to spend the night and retrieve the truck in the morning. McCullugh contended that it was not until he was at his friend's house that he had anything to drink. After drinking with his friend, McCullugh claimed that he became concerned about his truck and went back to retrieve it. It was then that McCullugh was arrested.

McCullugh contended that the arresting officer did not have probable cause to arrest him for driving or being in actual physical control of a vehicle while under the influence of alcohol. In affirming the District Court, we stated that McCullugh's story was "not the first or most natural conclusion a reasonable person would reach after observing a man obviously under the influence of

8

alcohol trying to move a vehicle stuck on the side of the road." McCullugh, 856 P.2d at 961. Thus we concluded that the information available to the officer at the time of McCullugh's arrest was sufficient to warrant a reasonable person to believe that McCullugh was in physical control of his truck. McCullugh, 856 P.2d at 961.

So too in the instant case, Foley's story is not "the first or most natural conclusion a reasonable person would reach" after observing Foley's vehicle in a ditch with a nearly empty bottle of vodka near the driver's door and Foley sitting on the side of the road obviously intoxicated. If Foley had driven off the road hours earlier as he claimed, the natural question would be: why didn't he seek assistance at one of the nearby residences rather than sitting there for several hours drinking almost a pint of vodka?

Thus, we conclude that the information available to Taggart at the time of Foley's arrest was sufficient to warrant a reasonable person to believe that Foley was driving or in actual physical control of his vehicle while under the influence of alcohol. Accordingly, we affirm the District Court and hold that the court's denial of Foley's motion to suppress was correct as a matter of law.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_Karla M. Gray_

_Jim Rice_

_W. William Leaphart_
Justices

March 11, 1997

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Gary R. Thomas
Thomas Law Office, P.C.
Box 570
Red Lodge MT  59068

Hon. Joseph P. Mazurek, Attorney General
  , Assistant Attorney General          Hand Delivered
215 N. Sanders
Helena MT  59620

Joe Coble
Deputy County Attorney
Box 35025
Billings MT  59107-5025

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy