No. 96-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEPHEN GARY ASMUNDSON,

Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District, In and for the County of
Missoula, the Honorable Douglas G. Harkin, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Richard R. Buley, Tipp and Buley, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Christina Lechner
Goe, Assistant Attorney General, Helena, Montana

Robert L. Deschamps III, County Attorney, Missoula, Montana


Submitted on Briefs: April 24, 1997

Decided: June l2, 1997
Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Stephen Asmundson appeals from a Fourth Judicial District Court, Missoula County, jury verdict finding him guilty of two counts of violating a protective order. We reverse.

Asmundson raises six issues on appeal, which we restate as follows:

1. Did the District Court err when it refused to dismiss Count II?

2. Did the District Court err when it refused to dismiss Count III?

3. Did the District Court err when it relied on documents from the Asmundson dissolution in ruling on Asmundson's motions to dismiss?

4. Was there sufficient evidence to support a jury finding that Asmundson had knowledge of the restraining orders?

5. Is violation of a protective order a lesser included offense of stalking?

6. Did the District Court err when it allowed testimony concerning the contents of an audiotape which was not offered into evidence?

BACKGROUND

Patricia Asmundson, Stephen Asmundson's wife, applied ex parte for a temporary restraining order in Missoula County Justice Court on August 4, 1995, pursuant to 40-4-121(3), MCA. The Justice Court issued a temporary restraining order which prohibited Asmundson from contacting or attempting to contact Patricia. The August 4 temporary restraining order (TRO) expired on August 21, 1995, unless continued at a hearing scheduled for August 18, 1995.

Asmundson was served with the TRO on August 9, 1995. The next day he informed the Justice Court that he had petitioned, pro se, for dissolution of marriage.

On August 14, 1995, the Justice Court sua sponte filed a notice of transmittal based on 40-4-123(2), MCA, informing the parties that the TRO was transmitted to District Court based on Asmundson's filing a separate request for a temporary restraining order and petition for dissolution. The Justice Court vacated the August 18 hearing and ordered the TRO to remain in effect pending review by the District Court. The parties dispute whether Asmundson received a copy of the notice of transmittal, although a "cc" and check mark appear next to his name and address on the notice.

On September 18, 1995, the District Court held a hearing on the TRO. Asmundson did not appear. The District Court issued a restraining order which extended the TRO for one year. The parties dispute whether Asmundson was served with the restraining order and whether he had agreed not to contest it.

Asmundson was charged by information with three counts of violation of a protective order and one count of stalking. Count I alleged that on August 10 and 16, 1995, Asmundson violated the August 4, 1995, protective order by calling Patricia and having other persons contact her. Count II alleged that on August 27, 1995, Asmundson violated the August 4 protective order by calling Patricia and leaving messages on her

answering machine. Count III alleged that on October 10, 1995, Asmundson violated the August 4 protective order by sending Patricia a greeting card. Count IV alleged that between August 4, 1995, and January 24, 1996, while Patricia was under the protection of a restraining order, Asmundson caused her substantial emotional distress by harassing or intimidating her by telephone, mail, and other actions. Asmundson pled not guilty to all four counts.

A jury trial was held. The State introduced the TRO referred to in the information as a protective order. Patricia testified that on August 27, 1995, Asmundson called and spoke with her. She hung up, but Asmundson called back and left messages on her answering machine. Patricia called 911 and gave the answering machine tape to the responding sheriffþs deputy. The tape was lost while in the possession of the Sheriffþs Department and was not introduced at trial. Over Asmundsonþs objection, Patricia testified as to her recollection of the tapeþs contents. The State also sought to introduce the September 18 restraining order. Asmundson objected, claiming that the order was irrelevant, but the court admitted it as "the type of protection order that could apply to Count IV."

At the close of the Stateþs case, Asmundson moved to dismiss Count IV for lack of sufficient evidence. The motion was denied. He also moved to dismiss Counts II and III, arguing that as a matter of law he could not be found guilty because the TRO expired twenty days after it was issued, and no hearing was held. The District Court requested the clerk to obtain the Asmundson dissolution file. Asmundson objected to the consideration of any document not admitted into evidence during the State's case-in-chief.

The District Court reviewed the notice of transmittal contained in the Asmundson dissolution file and denied Asmundson's motion to dismiss Counts II and III. It ruled that the TRO remained in effect because the Justice Court, pursuant to the notice of transmittal, had continued the TRO, and that Asmundson waived his right to a hearing on the TRO at the end of twenty days by filing for dissolution. The State then moved to reopen its case. Asmundson objected, arguing that the District Court had already ruled based on evidence outside of the record. The State's motion was granted, and the State reopened its case-in-chief wherein it introduced, and the court received, the notice of transmittal.

During the State's closing, the county attorney admitted there was insufficient evidence to convict Asmundson on Count I, which was dismissed. The case was submitted to the jury with Count IV to be considered first. If Asmundson was found not guilty on Count IV, then the jury was to consider Counts II and III as lesser included

offenses.  The jury found Asmundson not guilty on Count IV but guilty on Counts II and III.

The District Court sentenced Asmundson to six months in jail and a $500 fine on each count, with the sentences to run consecutively.  Asmundson appeals.

## DISCUSSION

1.  Did the District Court err when it refused to dismiss Count II?

As a preliminary matter, this Court must decide whether to take judicial notice of the record of the Asmundson dissolution which contains the Justice Court notice of transmittal and the District Court September 18 restraining order.  Except for the notice of transmittal and the September 18 restraining order set forth by Asmundson in his brief, we conclude that the remaining record of the Asmundson dissolution is unnecessary to resolve the issues presently before the Court.  Therefore, pursuant to Rule 201, M.R.Evid., we take judicial notice only of the Justice Court notice of transmittal and the District Court September 18 restraining order.

The grant or denial of a motion to dismiss in a criminal case is a question of law.  State v. Hansen (1995), 273 Mont. 321, 323, 903 P.2d 194, 195.  We review conclusions of law to determine whether the district court's conclusions were correct.  Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Asmundson argues that by its own terms the TRO issued by the Justice Court on August 4, 1995, expired on August 21, 1995, and by operation of  40-4-121(4), MCA, the TRO expired twenty days after it was issued because no hearing was held prior to August 24, 1995.  Since the acts alleged in Count II did not occur until August 27, 1995, Asmundson maintains the District Court erred when it refused to dismiss Count II.  The State responds that Asmundson incorrectly interprets  40-4-121(4), MCA, which does not require a hearing to be held within twenty days for a TRO to remain in effect.

Section 40-4-121, MCA, provides, in relevant part:

(4)  The court may issue a temporary restraining order for a period not to exceed 20 days without requiring notice to the other party only if it finds on the basis of the moving affidavit or other evidence that irreparable injury will result to the moving party if no order is issued until the time for responding has elapsed.

(5) A response may be filed within 20 days after service of notice of motion or at the time specified in the temporary restraining order.

(6) At the time of the hearing, the court shall determine whether good cause exists for the injunction to continue for 1 year.

When interpreting a statute, we look first to the plain meaning of its words.  State v. Gould (1995), 273 Mont. 207, 219, 902 P.2d 532, 540.  When the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself and there

is no need to resort to extrinsic means of interpretation.  Gould, 902 P.2d at 540.  The plain, unambiguous language of  40-4-121, MCA, clearly provides that a TRO is only valid for twenty days, absent a hearing and extension by the issuing court.  Therefore, we hold that the District Court erred when it refused to dismiss Count II because the alleged August 27 violation of the protective order occurred after the TRO had expired.

The Justice Court also lacked jurisdiction under  40-4-123, MCA, to sua sponte continue the TRO pending review by the District Court.  Section 40-4-123, MCA, provides:

(1) District courts, municipal courts, justices' courts and city courts have concurrent jurisdiction to hear and issue orders under 40-4-121.

(2) A municipal judge, justice of the peace, or city court judge shall on motion suspend all further proceedings in the action and certify the pleading and any orders to the clerk of the district court of the county where the action was begun if an action for . . . dissolution of marriage . . . is pending between the parties.

The record does not indicate that any party moved to "suspend all further proceedings."  Rather, the Justice Court on its own initiative issued the notice of transmittal and continued the TRO pending review by the District Court.  Absent either a motion required by  40-4-121(2), MCA, or a hearing required by  40-4-121(4), MCA, the Justice Court lacked jurisdiction to issue the notice of transmittal and continue the TRO.

When ruling on Asmundson's motion to dismiss Count II, the District Court held that, by notifying the Justice Court of his filing a petition for dissolution, Asmundson waived his right to a hearing on the TRO because the notification amounted to a motion to transfer.  No language in  40-4-121 or -123, MCA, states that a petition for dissolution of marriage is equivalent to a motion to transfer a TRO from justice court to district court.  We conclude that the District Court erred when it determined that a petition for dissolution of marriage is a motion to transfer.  Therefore, we hold that the District Court erred when it determined that Asmundson waived his right to a hearing on the TRO when he petitioned for dissolution of marriage.

We conclude that the TRO issued by the Justice Court on August 4, 1995, expired by its own terms on August 21, 1995, and in any event expired by operation of law under 40-4-121, MCA, by August 24, 1995.  The basis of the alleged violation in Count II did not occur until August 27, 1995.  We hold that the District Court erred as a matter of law when it refused to dismiss Count II.

2.   Did the District Court err when it refused to dismiss Count III?

Asmundson contends that when the District Court allowed the State to argue in

closing that he violated the September 18 restraining order, the State amended Count its III of the information. We agree and conclude that our decision in State v. Later (1993), 260 Mont. 363, 860 P.2d 135, is controlling.

In Later, the defendant was charged with misdemeanor official misconduct. During settlement of jury instructions, the State conceded that the defendant had been charged under the incorrect statute. The State offered an alternate instruction charging the defendant with violation of another statute. We reversed, reasoning that a function of the information is to notify the defendant of the offense charged, thereby giving the defendant the opportunity to defend. Later, 860 P.2d at 137 (citing State v. Tropf (1975), 166 Mont. 79, 88, 530 P.2d 1158, 1163).

In this case, the "amendment" to the State's information was one of substance. After the State presented its case and the September 18 restraining order was admitted for purposes of proving Count IV, the State placed the September 18 restraining order at issue to prove Count III. It was the August 4 TRO contained in the State's information against which Asmundson believed he would have to defend. When the District Court allowed the State to argue that Asmundson had violated the September 18 restraining order instead of the August 4 TRO, Asmundson did not have the opportunity to defend because the "amendment" occurred after the defense had rested. Fundamental principles of due process dictate that Asmundson should have been given the opportunity to know against which TRO he had to defend. The State's use of the September 18 restraining order to prove Count III amounted to a substantive amendment to the State's information, and Count III should have been dismissed. We hold that the District Court erred when it refused to dismiss Count III.

Because Issues 1 and 2 are dispositive, we decline to address the remaining issues presented on appeal.

Reversed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY