No. 99-247

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 189

295 Mont. 352

983 P.2d 966

IN RE THE MARRIAGE OF

DANA C. CHRISTIAN,

Petitioner and Appellant,

and

NANCY MUELLER

f/k/a NANCY CHRISTIAN,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dana C. Christian, Attorney at Law, Livingston, Montana

For Respondent:

Karl Knuchel, Attorney at Law, Livingston, Montana

Submitted on Briefs: July 8, 1999

Decided: August 10, 1999

No

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1. **Dana C. Christian (Dana) appeals from the Sixth Judicial District Court, Park County restraining order dated January 21, 1999, and from the February 4, 1999 order denying his motion for amendment. We reverse and vacate the court's January 21, 1999 order and remand this case to the District Court for further proceedings on Dana's motion.**

## Background

¶2. **The parties' marriage was dissolved in California in 1987. On December 30, 1998, Dana, a licensed attorney appearing *pro se*, filed a "Motion to Modify Child Custody and Related Issues" along with a supporting brief and affidavit. Among other things, Dana's motion requested a restraining order against his former wife, Nancy Mueller f/n/a Nancy Christian (Nancy). Dana's motion arose out of an ongoing dispute between the parties concerning custody and visitation of the parties' minor child. The alleged facts surrounding the incidents precipitating Dana's motion are not material to our disposition of the legal question at issue. Nancy, by counsel, filed her response, brief and affidavit on January 12, 1999. She objected to Dana's motion on both procedural and substantive grounds. Nancy did not request a restraining order against Dana, however. Dana filed his reply affidavit on January 20, 1999.**

¶3. On January 21, 1999, without notice or hearing, the District Court entered an order requiring each party to stay 1500 feet away from the other party's residence and place of work. This order also designated where the parties would transfer custody of the child for visitation purposes and established a telephone contact protocol and visitation schedule. The court directed that its order "remain in effect until further order of the Court."

¶4. On the same date that the court issued this order, Dana filed his "Motion for Amendment-Clarification" objecting to the court's mutual restraining orders. Dana argued that § 40-15-202(3), MCA[1], precluded issuance of a restraining order against him where only he had requested that relief against Nancy. This section of the code pertains to the issuance of orders of protection and is located in that chapter of the code dealing with partner and family member assault; sexual assault; and stalking; and the safety and protection of victims. *See* Title 40, chapter 15, Montana Code Annotated. On February 4, 1999, the District Court denied Dana's motion stating that it had not issued the restraining order under the authority of § 40-15-202 (3), MCA, but rather, had issued its order under § 40-4-121, MCA. This appeal followed.

## Issue

¶5. Did the District Court err in issuing a mutual restraining order under § 40-4-121, MCA, for an indefinite period of time and without notice and hearing?

## Discussion

¶6. Typically, we review a trial court's grant of injunctive relief for "manifest abuse of discretion." *Van Loan v. Van Loan* (1995), 271 Mont. 176, 178-79, 895 P.2d 614, 615 (citation omitted). However, where, as here, the court grounds its decision to issue such relief upon its interpretation of a particular statute, we review *de novo* the court's legal conclusion as to its jurisdiction--i.e., simply to determine whether the court's interpretation of the law is correct. *See State v. Asmundson* (1997), 283 Mont. 141, 145-46, 940 P.2d 104, 106-07.

¶7. Section 40-4-121(2)(c), MCA, allows either party, by independent motion supported by affidavit, to request the court to issue a temporary injunction enjoining a party from molesting or disturbing the peace of the other party or of any family member. Subsection (2)(d) permits the court to exclude a party from the family home or from the home of the other party upon showing that physical or emotional harm would otherwise result. The trial court referenced both of these subsections in its February 4, 1999 order as the authority for its issuance of its January 21, 1999 order.

¶8. Section 40-4-121(4), MCA, however, provides in pertinent part, that "[a]ny temporary injunction entered under this subsection [2] must be for a fixed period of time, not to exceed 1 year . . . ." Furthermore, § 40-4-121, MCA, requires in pertinent part that

(5) The court may issue a temporary restraining order for a period not to exceed 20 days without requiring notice to the other party only if it finds on the basis of the moving affidavit or other evidence that irreparable injury will result to the moving party if an order is not issued until the time for responding has elapsed.

(6) A response may be filed within 20 days after service of notice of motion or at the time specified in the temporary restraining order.

(7) At the time of the hearing, the court shall determine whether good cause exists for the injunction to continue for 1 year.

¶9. In the case at bar, the District Court's January 21, 1999 restraining order fails the requirements of subsections (2), (4), (5), (6) and (7) of § 40-4-121, MCA. First, the court's order was not entered for "a fixed period of time, not to exceed 1 year." Rather, the court directed that its order was to "remain in effect until further order of the Court." This frame of reference is neither for a "fixed period" nor does it preclude the order from exceeding the 1-year statutory time limit. Thus, § 40-4-121 (4), MCA, is violated.

¶10. Second, the court's January 21, 1999 order was issued as against Dana without request from Nancy (contrary to § 40-4-121(2), MCA) and also without notice to either party, proper findings, or a hearing. Section 40-4-121(5), MCA, read together with § 40-4-121(6) and (7), MCA, unambiguously requires notice and hearing before

a restraining order under § 40-4-121(2), MCA, is issued. *Asmundson*, 283 Mont. at 145-46, 940 P.2d at 106-07. If, as it was here, the restraining order is issued without notice, subsection (5) limits the duration of the order to 20 days, and this subsection also requires the court to make certain prescribed findings. These statutory findings are not included in either the court's January 21, 1999, or February 4, 1999, orders. Moreover, the court's January 21, 1999 order was issued without a hearing.

¶11. Nancy argues that because § 40-4-121(3), MCA, directs the clerk of the district court to issue a restraining order without notice or hearing, the District Court doing the same thing was, thus, proper. Nancy's argument is without merit. Section 40-4-121(3), MCA, directs the clerk of the district court to issue a temporary restraining order in conjunction with the issuance of a summons pursuant to Title 40, chapter 4, Montana Code Annotated. No summons was issued in this case. Rather, Dana applied for a restraining order by independent motion accompanied by affidavit under § 40-4-121(2), MCA. Moreover, the temporary restraining order issued by the clerk under § 40-4-121(3), MCA, is limited statutorily to matters involving property. *See* § 40-4-121(3)(a) and (b), MCA. Section 40-4-121(3), MCA, is clearly inapplicable in the case *sub judice*.

¶12. When interpreting a statute, we look first to the plain meaning of its words. When the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is no need to resort to extrinsic means of interpretation. *Asmundson*, 283 Mont. at 146, 940 P.2d at 107 (citing *State v. Gould* (1995), 273 Mont. 207, 219, 902 P.2d 532, 540). Based upon our plain reading of the unambiguous requirements of § 40-4-121(2), (4), (5), (6) and (7), MCA, the District Court's January 21, 1999 restraining order failed to comply with these subsections and was, accordingly, improperly issued as a matter of law. *See Asmundson*, 283 Mont. at 146, 940 P.2d at 107.

¶13. While we gather from Dana's brief that he believes the restraining order against Nancy should remain in effect, it is invalid as against her as well for the reasons set forth above. Moreover, while the court's January 21, 1999 order covers matters arguably not involving keeping the parties away from each other's homes and businesses, it appears from our reading of the court's order that these latter matters were part and parcel of the injunctive relief granted by the court. Accordingly, it is appropriate that the court revisit all of these matters on remand after proper notice is given to the parties and after a hearing.

**¶14. The court's issuance of its January 21, 1999 mutual restraining order is reversed and the order is vacated. We remand this case to the District Court for further proceedings on Dana's motion.**

/S/ JAMES C. NELSON

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

1. [1] All statutory references are to the 1997 version of the Montana Code Annotated since the matters at issue occurred from and after December 1998.