No. 99-569

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 177N

300 Mont. 435

4 P.3d 1201

STATE OF MONTANA,

Plaintiff and Appellant,

v.

SANDRA MATT MORIGEAU,

Defendant and Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph Mazurek, Attorney General; Jennifer M. Anders, Assistant Attorney General, Helena, Montana

Deborah Kim Christopher, County Attorney; Robert J. Long, Deputy County Attorney, Polson, Montana

For Respondent:

Larry J. Nistler, Attorney at Law, Polson, Montana

_____

Submitted on Briefs: March 2, 2000

Decided: July 6, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.
2. ¶This is an appeal by the State of Montana from an order of the Twentieth Judicial District Court, Lake County, dismissing the felony charge of Driving Under the Influence (Fourth Offense) against Sandra Morigeau (Morigeau). We affirm.
3. ¶Morigeau was arrested for driving while under the influence of alcohol in Lake County, Montana, in April, 1999. The State filed an Information in District Court charging Morigeau with DUI and alleging that it was her fourth DUI offense.
4. ¶One of Morigeau's prior convictions occurred in January, 1990. In the 1990 proceeding, the Justice Court ordered:

that the Defendant be punished by confinement in the Lake County Jail for a term of six (6) months, with all suspended except twenty (20) days. The Defendant may serve said jail sentence under house arrest if so arranged and paid for by the Defendant. The jail sentence or house arrest must commence on or before February 11, 1990.

1. ¶Morigeau moved to dismiss the Information on the ground that her January, 1990 conviction was constitutionally infirm in that she should have been appointed counsel because a sentence of imprisonment was actually imposed. Conceding that Morigeau was not represented by counsel in that proceeding, the State argued that she was not entitled to counsel because "home arrest" is not the equivalent of actual imprisonment. The District Court granted Morigeau's motion to dismiss and the State appeals pursuant to § 46-20-103(2)(a), MCA.

2. ¶The issue on appeal is whether the Information against Morigeau was properly dismissed on the basis that a prior uncounseled conviction was infirm because a sentence of imprisonment was actually imposed. We review a district court's conclusions of law to determine whether they are correct. *See* State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359.

3. ¶Morigeau cites § 46-8-101(3)(b), MCA, for the proposition that if the Justice Court desired "to retain imprisonment as a sentencing option," she was entitled to appointment of counsel. Obliquely she concludes that, if she had violated the terms of her "home arrest," the court could have sentenced her to imprisonment. Given this "threat" of imprisonment, she argues that her uncounseled conviction for DUI cannot be used to convert a subsequent charge of DUI to a felony.

4. ¶Morigeau's reliance on § 46-8-101(3)(b), MCA, is misplaced. The subsection that she invokes was added in a 1991 amendment to the statute. It was not in effect at the time of her 1990 Justice Court conviction.

5. ¶The State argues that home arrest, which allows the arrestee considerably more liberty than exists in a prison environment, is not the equivalent of imprisonment. Title 46, Chapter 18, Part 10, MCA (Home Arrest) and § 46-18-201(4)(k), MCA (Sentences that may be imposed) (providing for home arrest as a condition to a suspended or deferred sentence).

6. ¶We determine that we need not interpret the home arrest statutes. Regardless of what the legislature intended in providing for home arrest, and regardless of whether the Justice Court sentence comports with the above statutes, the fact is that the Justice Court, in sentencing Morigeau on the 1990 DUI charge, clearly intended that home arrest be the equivalent of imprisonment. The Justice Court sentence states: "The Defendant may serve said jail sentence under house arrest if so arranged and paid for by the Defendant."

7. ¶In State v. Hansen (1995), 273 Mont. 321, 903 P.2d 194, we addressed a related issue involving a charge of felony domestic abuse (third offense) in violation of § 45-5-206(3), MCA. In his first two misdemeanor convictions for domestic abuse, Hansen received suspended jail sentences. Hansen argued and the District Court agreed that his first misdemeanor conviction could not be used to convert a third offense into a felony because he was not represented by counsel and the State had not shown that he knowingly waived his right to counsel. In rejecting Hansen's argument and reversing the District Court, we stated:

The Sixth Amendment right to counsel in misdemeanor cases is limited to those cases in which imprisonment was actually imposed. *United States v. Quemado* (9th Cir. 1994), 26

F.3d 920, 923. Where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor has no constitutional right to counsel. *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383. Moreover, the imprisonment must be *actual*; a threat of imprisonment (such as a suspended sentence) is not enough to create a constitutional right to counsel. *Scott*, 440 U.S. at 373, 99 S.Ct. at 1161.

*Hansen, 273 Mont. at 325, 903 P.2d at 197.*

1. ¶Since Hansen had received a suspended sentence in the prior misdemeanor conviction, we concluded that a sentence of imprisonment had not been imposed. Accordingly, under *Scott,* he had no right to counsel. Whether he knowingly waived counsel was thus irrelevant. *Hansen*, 273 Mont. at 325, 903 P.2d at 197. The *Hansen* decision clearly stands for the proposition that the right to counsel only arises where imprisonment is actually imposed and, where a sentence is suspended, imprisonment is not "actually imposed."
2. ¶The present case differs from *Hansen* in that, although some of Morigeau's sentence was suspended, 20 days of the sentence was not suspended. Morigeau thus had a 20-day period of "imprisonment" actually imposed by the Justice Court. The court gave Morigeau the option of serving that imprisonment in home arrest. Thus, under the specific facts of this case, home arrest was an alternate form of imprisonment rather than an alternative to imprisonment.
3. ¶We hold that because the Justice Court actually imposed a sentence of imprisonment, Morigeau was entitled to appointment of counsel. Having not had the benefit of counsel in the 1990 conviction for DUI, that conviction cannot be used to convert a subsequent charge of DUI to a felony.
4. ¶The Judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON