No. 98-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 344N

IN RE THE MARRIAGE OF
CATHERINE MARKOVICH,

Petitioner and Respondent,

and

RONALD MARKOVICH,

Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald Markovich, *Pro Se*, Big Fork, Montana

For Respondent:

Catherine Markovich, *Pro Se*, Big Fork, Montana

Submitted on Briefs: July 6, 2000
Decided: December 19, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Ronald C. Markovich (Ronald), appearing *pro se*, appeals from the Decree of Dissolution entered by the Eleventh Judicial District Court, Flathead County, which converted an earlier Decree of Legal Separation to a final Decree of Dissolution, and dissolved the marriage of Ronald and Catherine Markovich (Catherine). We reverse and remand.

¶3 Ronald raises a number of issues in his six-page handwritten Memorandum we deemed his brief on appeal. Several of the issues are not supported by citation to legal authority as required by Rule 23(a)(4), M.R.App.P. Others are raised for the first time on appeal and nothing of record before us provides a factual basis for consideration and resolution. Consequently, we decline to address those issues.

¶4 The sole issue properly before us is whether the District Court erred in modifying the Decree of Legal Separation before converting it to a Decree of Dissolution.

¶5 Ronald and Catherine entered into a common law marriage on December 4, 1984. One child, Fallon Lee Markovich, was born of the marriage on January 11, 1996. Catherine petitioned for legal separation on July 25, 1996, at which time Ronald was incarcerated at the Anaconda-Deer Lodge County Jail. The petition requested that Ronald pay child support and spousal maintenance; Catherine claim Fallon Lee as a dependent on her federal and state income taxes; the parties retain the personal property in their individual possession; and the parties be responsible for debts incurred in their individual names. The petition did not set forth a custody arrangement for Fallon Lee.

¶6 On July 30, 1996, Ronald filed an Admission of Service and Consent to Entry of Decree, agreeing to the contents of Catherine's petition, consenting to entry of a decree of

legal separation pursuant to its terms and waiving his rights to contest the contents of the petition and to plead further. After a hearing on August 21, 1996, the District Court entered Ronald's default and a Decree of Legal Separation. The decree incorporated the child support, maintenance and property terms of Catherine's petition, awarded Ronald and Catherine joint custody of Fallon Lee, designating Catherine as the residential custodian with visitation rights in Ronald on his release from the Montana State Prison.

¶7 On May 14, 1998, Catherine filed a request that the District Court convert the Decree of Legal Separation to a decree of dissolution. After a hearing on May 27, 1998, the District Court entered a Decree of Dissolution incorporating the terms of the separation decree, except for handwritten modifications which awarded Catherine sole custody of Fallon Lee and provided no visitation rights to Ronald without further order of the court. Ronald appeals.

## *DISCUSSION*

### ¶8 Did the District Court err in modifying the separation decree before converting it to a dissolution decree?

¶9 As set forth above, the District Court originally granted the separation decree on motion by Catherine and with Ronald's consent and stipulation. Consequently, the provisions of § 40-4-104(2), MCA, which provide for a decree of legal separation rather than a decree of dissolution on motion of one party, and in the absence of objection by the other party, were met with regard to the separation decree.

¶10 After more than six months passed, Catherine requested conversion of the separation decree to a dissolution decree and the District Court entered the Decree of Dissolution. In so doing, it made handwritten changes to the terms of the Decree of Legal Separation with regard to child custody and visitation by Ronald. Its implicit determination that it was authorized to do so is a conclusion of law which we review to determine whether the interpretation of the law is correct. *See In re Marriage of Christian*, 1999 MT 189, ¶ 6, 295 Mont. 352, ¶ 6, 983 P.2d 966, ¶ 6.

¶11 Ronald argues that the District Court's modification of the custody provisions in the Decree of Legal Separation prior to entering the Decree of Dissolution exceeded the court's authority. We agree.

¶12 Section 40-4-108(2), MCA, provides that "6 months after entry of a decree of legal

separation, the court on motion of either party shall convert the decree to a decree of dissolution of marriage." While the statute mandates conversion under the specified circumstances, nothing in its plain language authorizes a district court to modify a decree of legal separation prior to converting it into a decree of dissolution.

¶13 Furthermore, the Commissioner's Note to § 40-4-108(2), MCA, states that "[t]he section does not authorize the court to deny the motion. In such cases, the court will enter its order that the *original decree* be deemed a decree of dissolution of marriage . . . ." (Emphasis added.) A plain reading of the Note further reflects the intent of the statutory language that, while a district court cannot deny a timely motion to convert under § 40-4-108(2), MCA, it is authorized thereunder only to deem the original decree--with the terms and provisions set forth therein--a decree of dissolution. Simply stated, neither the statute nor the Note support the District Court's determination that it could modify the terms of a decree of legal separation when converting it to a decree of dissolution.

¶14 Moreover, reading §§ 40-4-104(2) and 40-4-108(2), MCA, together renders the Legislature's intent with regard to decrees of legal separation clear. Under § 40-4-102(2), MCA, one marital partner can request and be granted a decree of legal separation rather than a decree of dissolution only in the absence of objection by the other marital partner. If an objection is made, the parties must proceed--if at all--toward a dissolution decree. On the other hand, if the parties can agree that a decree of legal separation is preferable at the outset, only one party need appear for that proceeding. Section 40-4-108(2), MCA, mandates later conversion of the legal separation decree on motion of only one party-and, by inference, requires the appearance of only one party-because the time for objections by the other party passed at the earlier proceeding on the decree of legal separation. Thus, the Legislature crafted a simple, straightforward and efficient process by which parties can obtain a decree of dissolution, on mutually acceptable terms, in a relatively short time frame and with a minimum of formality and expense.

¶15 With one exception, that is precisely what occurred in the present case. Ronald consented and stipulated to the Decree of Legal Separation on the terms presented to him and that decree was duly entered by the District Court. After the passage of the statutory six-month period set forth in § 40-4-108(2), MCA, Catherine moved for conversion of that decree to a decree of dissolution. No notice to Ronald was required, given the assumption underlying the two statutes that, the parties having agreed on the terms of the legal separation agreed to the dissolution decree on the same terms. The dissolution was granted

and effort, expense and time for the parties and the court were minimized.

¶16 Here, however, the District Court varied the terms of the separation decree prior to converting it to a decree of dissolution. We conclude that the District Court erred as a matter of law in doing so. As a result, this case must be remanded for modification of the Decree of Dissolution to conform to the terms of the Decree of Legal Separation.

¶17 Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER